UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TYERS,

    Plaintiff,

v.

GM FINANCIAL,

    Defendant.
_____/

Case No. 18-11604

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (ECF NO. 2)

Defendant GM Financial ("GM") removed this case to this Court on May 22, 2018. (ECF No. 1, Notice of Removal.) Plaintiff's Complaint alleged simply that Defendant's "continual violation of [the] Fair Credit Act" was "causing continual credit and financial damage." (Notice of Removal, Ex. A, Complaint.) GM has filed a motion to dismiss the Complaint, to which Plaintiff has not responded despite having been served with a copy of the Motion at the address Plaintiff provided in his pleading. (ECF No. 2, Motion to Dismiss 6, PgID 21, Certificate of Service.) The Court has thoroughly reviewed the motion and concludes that oral argument will not assist the Court in resolving the unopposed motion. For the reasons that follow, the

1

Motion to Dismiss is GRANTED.

**I.   BACKGROUND**

On May 23, 2018, Plaintiff filed an Affidavit and Claim in the 36th Judicial District Court in Detroit, County of Wayne, Michigan. (ECF No. 1, Notice of Removal, Ex. A, Complaint.) The one-sentence Complaint alleges that: "Continual violations of the Fair Credit Act causing [sic] continual credit & financial damage to myself." (*Id.*) On May 22, 2018, GM removed the case to this Court under the authority of 28 U.S.C. § 1331 and 28 U.S.C. § 1441, based on the federal question raised by Plaintiff's claim that GM violated the Fair Credit Report Act, 15 U.S.C. §§ 1681p ("the FCRA").[1] (Notice of Removal ¶¶ 1-5.) On May 29, 2018, GM filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) in lieu of an Answer, arguing that the allegations of Plaintiff's Complaint fail to state a claim on which relief can be granted. Plaintiff has not filed a response to the motion and the time to do so has passed.

**II.   LEGAL STANDARD**

When reviewing a motion to dismiss under Rule 12(b)(6) a court must "'construe the complaint in the light most favorable to the plaintiff, accept its

---

[1] Although Plaintiff did not provide the citation to the FCRA in his Complaint, Defendant has reasonably assumed that Plaintiff's reference to the "Fair Credit Act," without further citation, meant to plead a claim for relief under the FCRA.

allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted).  *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal quotation marks and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explaining that "[a] claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citation omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If

4

referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).

## III. ANALYSIS

Plaintiff's failure to timely respond to Defendant's Motion to Dismiss, as required by E.D. Mich. L.R. 7.1(c)(1) and 7.1(e)(1)(B), amounts to a waiver of any argument in opposition to Defendant's motion. *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (internal quotation marks and citation omitted). The Court is still required, however, to analyze the sufficiency of the allegations of the Complaint, which are accepted as true at this stage of the proceedings, when

5

considering Defendant's unopposed motion to dismiss the Complaint. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (finding an abuse of discretion where district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss). *See also Brunning v. Nationstar Mortg., LLC*, No. 15-cv-10587, 2015 WL 4394258, at *3 (E.D. Mich. July 16, 2015) (finding plaintiff's failure to respond to defendants' motion to dismiss a waiver of opposition to the motion, addressing the adequacy of the complaint without benefit of response, and granting the unopposed motion to dismiss for failure to state a claim).

GM argues that Plaintiff's Complaint fails to allege a plausible claim under the FCRA because it does not allege that Plaintiff provided notice to a consumer reporting agency that he disputed credit information provided by GM to a consumer reporting agency. GM argues that in order to pursue a private action against a furnisher such as GM, for the alleged inaccurate reporting of credit information, a plaintiff must first provide notice to a consumer reporting agency of a dispute regarding the allegedly inaccurate credit information provided by the furnisher.[2] In *Downs v. Clayton Homes,*

---

[2] The FCRA "does not in fact define 'furnisher'." *Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-cv-11851, 2010 WL 3023808, at *4 (E.D. Mich. July 29, 2010). "Rather, courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" *Id.* (quoting *Carney v. Experian Information Solutions, Inc.*, 57

*Inc.*, 88 F. App'x 851 (6th Cir. 2004), the Sixth Circuit, assuming without deciding that plaintiff had a private right of action under § 1681s–2(b), held that a consumer must first notify a consumer reporting agency of a dispute before the furnisher's duty to undertake an investigation is triggered:

> Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished. *See* 15 U.S.C. § 1681s–2. If it is assumed that a private right of action exists under § 1681s–2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed. *Young v. Equifax Credit Info. Servs., Inc*., 294 F.3d 631, 639–40 (5th Cir. 2002). In this case, the Downses did not allege that they had filed a dispute with a credit reporting agency. Accordingly, they had no claim under the FCRA.

851 F. App'x at 853-54. *See also Davis v. PNC Mortg*., No. 13-cv-11737, 2014 WL 4801968, at *16 (E.D. Mich. Sept. 23, 2014) ("Importantly, it is not enough that the consumer notifies the furnisher of the dispute; the consumer must notify the credit reporting agency in accordance with § 1681 i(a)(1)(A), and 'must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed.'") (quoting *Downs*, 88 F. App'x at 853-54).

---

F. Supp. 2d 496, 501 (W.D. Tenn. 1999)). GM does not dispute that it is a "furnisher" under the FCRA, at least for purposes of the present motion to dismiss.

7

Plaintiff did not allege or plausibly suggest in his Complaint that he notified a credit reporting agency that he disputed credit information provided by GM. Nor does he allege, or plausibly suggest, that GM received notice of such a dispute from a credit reporting agency. Nor has Plaintiff responded to GM's motion to dismiss asserting this pleading failure. Thus, the Court concludes that Plaintiff's Complaint against GM under the FCRA fails as a matter of law to state a plausible claim for relief.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2018.

s/Deborah Tofil
Case Manager